FILED
RICHARD W. NAGEL
CLERK OF COURT

12/2/22

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **REGINALD FREY** | * | Case No. 3:22 cv 232 |
| Plaintiff, | * | JUDGE MICHAEL J. NEWMAN |
| -vs- | * | **COMPLAINT** |
| | | **WITH JURY DEMAND** |
| **LOUIS DEJOY** | * | CAROLINE H. GENTRY |
| **POSTMASTER GENERAL** | | |
| **UNITED STATES POSTAL SERVICE** | * | |
| Defendant. | * | |

## I. NATURE OF THE CASE

1. This complaint is filed by Plaintiff, Reginald Frey, a former employee of the United States Postal Service, challenging the agency issuing him a letter of warning in lieu of a fourteen-day suspension. He brings this action to obtain full and complete relief and to redress the agency's unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq. Specifically, Mr. Frey was treated less favorably than other employees outside his race, sex, and religion, along with being treated less favorably because of his disability and prior protected activity. Mr. Frey sought EEO counseling within forty-five days of his becoming aware of the August 20, 2020 letter of warning. He filed a formal complaint of discrimination and received a final agency decision on September 15, 2021. Dissatisfied with the Final Agency Decision, Mr. Frey sought review of the decisions by the EEOC Office of Federal operations (hereafter "EEOC OFO"). The EEOC OFO upheld the agency

1

decision but gave Mr. Frey a right to request reconsideration. Mr. Frey sought reconsideration and received a decision denying his request for reconsideration on May 16, 2022. A copy of the EEOC decision is attached hereto and incorporated herein as **Exhibit 1**. Mr. Frey was given the right to file a civil action in District Court within ninety days of that date.

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3. This Court has jurisdiction over the subject matter of this civil action pursuant to 42 U.S.C. § 2000e et seq., and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq.

4. The unlawful employment practices described herein concern discriminatory acts that occurred at the Trotwood Post Office in Trotwood, Ohio. Venue in this Court is proper pursuant to 42 U.S.C. § 2000e et seq. and 29 U.S.C. § 791 et seq.

5. Venue is proper pursuant to 28 U.S.C. § 1391. The events described herein occurred within the Southern District of Ohio. Plaintiff's claims arose and all relevant events occurred within Montgomery County, Ohio.

## III. PARTIES

6. Plaintiff Reginal Frey is a citizen of the United States and a resident of Montgomery County, Ohio. At all relevant times the Plaintiff was employed by the agency in Montgomery County, Ohio. The Plaintiff was a federal employee within the meaning of 29 U.S.C. §626 et seq.

7. Defendant Louis DeJoy is Postmaster General of the United States Postal Service. He is sued in his official capacity as head of the agency, and, as such, is amenable to suit.

## IV. EXHAUSTION OF FEDERAL ADMONISTRATIVE REMEDIES

8. Plaintiff made a timely report of discrimination to an agency Equal Employment Opportunity (hereinafter EEO) Counselor and the agency processed the complaint. The agency issued a final agency decision. Plaintiff filed an appeal of that decision with the EEOC OFO, and a subsequent request for reconsideration. The EEOC OFO upheld the agency decision and declined to reconsider its prior decision. The EEOC OFO gave Plaintiff the right to pursue his claims in federal court. A copy of the EEOC OFO decisions and final agency decision are attached hereto and incorporated herein, as **Exhibit 1**.

## V. STATEMENT OF FACTS

9. Plaintiff is a veteran that joined the United States Postal Service (hereinafter "agency") in 1991.

10. Plaintiff was initially hired as a letter carrier and maintained that position until his promotion to Supervisor of Customer Service in 2001 and then Manager of Customer Service in 2016.

11. Throughout his employment with the agency, Plaintiff was a qualified employee that could perform the essential functions of his position as a letter carrier, supervisor, and manager.

12. Plaintiff filed a request for a leave of absence in May of 2020 because of an illness with his father.

13. Plaintiff's request was reviewed but denied by the agency.

14. Plaintiff nonetheless had to take off to check on his father and used his leave to do so.

15. Plaintiff consistently called to notify the agency of his absences.

16. On or about August 20, 2020, the agency issued Plaintiff a letter of warning in lieu of a fourteen day suspension for his extended period of absence.

17. Plaintiff was never notified of the letter of warning and never given the opportunity to respond to the proposed discipline.

18. On or about March 8, 2021, Plaintiff received a priority mail envelope regarding his removal from the agency that made reference to the fourteen day suspension.

19. The reference within the priority mail envelope received on March 8, 2021, was the first knowledge Plaintiff had that he had been suspended in August of 2020.

20. Plaintiff filed a timely request for EEO counseling on April 22, 2021.

21. Plaintiff was treated less favorably than the other City of Dayton managers when they requested leave, and those other managers were a different race (African-American), sex (Male), and/or religion (Baptist) than Plaintiff.

22. Plaintiff was treated less favorably than the managers within the city that did not have disabilities.

23. Plaintiff was retaliated against for engaging in prior protected activity with the agency.

24. Richard Curtsinger was the Postmaster and Tara Young was the acting Manager of Customer Service at all relevant times and they are the responsible management officials that discriminated against Plaintiff.

25. The agency never provided Plaintiff notice and an opportunity to respond to the proposed actions against him prior to deciding to take actions against him.

26. Upon information and belief, Richard Curtsinger and Tara Young were responsible for providing Plaintiff notice and an opportunity to be heard before any final actions were taken against him.

## VI. CAUSES OF ACTION

27. Plaintiff hereby incorporates paragraphs 1 through 26, above, as if fully rewritten herein.

28. Throughout his employment with the agency, Plaintiff was able to perform the essential functions of his positions.

29. Plaintiff is an African-American male that is a Baptist with a disability that has engaged in prior protected activity against the agency.

30. Plaintiff applied for a leave of absence and was denied the opportunity to take extended leave.

31. Plaintiff did utilize the leave available to him to address his family needs and consistently notified the agency of his absences.

32. The agency nevertheless issued him a letter of warning in lieu of a fourteen day suspension and never gave him notice of the action.

33. The agency decided to issue a letter of warning without allowing Plaintiff the opportunity to be heard and to contest the action.

4

34. The agency treated other similarly situated station managers more favorably than Plaintiff based on his race, sex, and/or religion.

35. The agency treated other similarly situated station managers more favorably than Plaintiff based on his disability and his prior EEO activity.

36. As a direct and proximate result of Defendant agency's actions, Plaintiff has suffered injury and damages.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount exceeding one hundred thousand dollars ($100,000), together with pre-judgment interest, interest, costs herein expended, compensatory damages, reasonable attorney fees, costs of this action, and such other relief as the Court deems just and proper.

Respectfully submitted,

Reginald Frey
4810 Dayton Liberty Road
Dayton, OH 45417
(937) 241-7805
*Pro Se*

## JURY DEMAND

Now comes the Plaintiff and hereby demands a trial by Jury of all issues so triable.

Respectfully submitted,

Reginald Frey
4810 Dayton Liberty Road
Dayton, OH 45417
(937) 241-7805
*Pro Se*

5