UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

REGINALD FREY,

    Plaintiff,

vs.

LOUIS DEJOY,
United States Postmaster General,

    Defendant.

Case No. 3:22-cv-232

District Judge Michael J. Newman

**ORDER: (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 25); (2) DIRECTING THE CLERK TO ENTER JUDGMENT IN DEFENDANT'S FAVOR; (3) TERMINATING THE CASE ON THE DOCKET**

Plaintiff Reginald Frey, a former employee of the United States Postal Service, brings this case *pro se* asserting claims of discrimination based on his race, sex, religion, and disability, and a claim of retaliation, in violation of his rights under 42 U.S.C. § 2000e, *et seq*., and 29 U.S.C. § 791, *et seq*.[1] *See* Doc. No. 2 at PageID 55-58.  Liberally construing his *pro se* complaint in his favor, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), he alleges the discrimination and retaliation occurred when the Postal Service imposed a fourteen-day suspension on him without providing him prior notice of, and an opportunity to respond to, the warning letter it issued on August 20, 2020.  *Id*.  Plaintiff also alleges that the discrimination and retaliation happened after he applied for, but was denied, a leave of absence.  *Id*.

---

[1] Plaintiff's complaint asserts claims against Postmaster General Louis DeJoy in his official capacity.  Doc. No. 2 at PageID 55.  Thus, Plaintiff, in effect, asserts his claims against the Postal Service.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity"); *see also Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003).

The case is before the Court upon Defendant's motion for summary judgment. Doc. No. 25. Although the Court granted Plaintiff a lengthy extension of time to respond to Defendant's motion, he has not responded to it, and the time for doing so has expired. *See* Doc. No. 27.

## I.

Given Plaintiff's failure to respond to Defendant's motion for summary judgment, and upon review of Plaintiff's deposition testimony and attached exhibits, there is no genuine dispute about the following facts. *Cf. Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009) ("To carry her burden in opposing summary judgment, a plaintiff must produce sufficient evidence from which a jury could reasonably reject the employer's explanation of why it fired her") (cleaned up).

Plaintiff began working for the United States Postal Service as a letter carrier in 1991. Doc. No. 22 at PageID 193. He earned a promotion to management in 2001. *Id*. at PageID 194.

Many years later, in October 2017, Plaintiff's medical issues (migraine headaches and neck pain) required him to take sick leave and, eventually, annual leave. Doc. No. 24 at PageID 545-46. By February 2018, Plaintiff remained off work, but he had exhausted his sick and annual leave. Consequently, he was placed on LWOP ("Leave Without Pay") status. *Id*. at PageID 546-47.

Plaintiff testified during his deposition that he submitted paperwork to the Postal Service showing he had occipital neuralgia of the nerves in his head and neck. *Id*. at 550-51. In April 2018, he requested a reasonable accommodation for these medical problems, but his request was denied. *Id*. at PageID 548-49. He remained absent from work on LWOP status in May 2018 and thereafter because his doctor had not cleared him to return to work. *Id*. at PageID 549-50.

On May 1, 2018, the Plaintiff was issued a warning letter for "unsatisfactory attendance," because he had been absent without authorization from January 29, 2018 through April 19, 2018.

Doc. No. 25 at PageID 502-03.

On November 8, 2018, Plaintiff was issued an extended absence letter informing him he would be placed on AWOL ("Absent Without Leave") status because he had failed to contact his supervisor about his return to duty and had failed to provide acceptable documentation to support his need to be absent. *Id*. at PageID 500-01. On November 19, 2018, he was issued a Notice of Instructions regarding his attendance. *Id*. at PageID 499. This informed him to report to an interview on November 27, 2018. *Id*. The record is unclear whether that interview occurred. *See* Doc. No. 25 at PageID 849.

Plaintiff returned to work in February 2019. Doc. No. 24 at PageID 551. His direct supervisor, Jewel Morrow, took it easy on him and tried to help him. He explained during his deposition, "I had restrictions up to four hours, so she said just pace yourself." *Id*. at PageID 556-57.

In May 2020, Plaintiff learned that his father was terminally ill. Doc. No. 24 at PageID 562. He informed his supervisor that he needed to take a leave of absence so he could travel to Tennessee to care for his father. *Id*. at PageID 562-63, 566. He told his supervisor that he did not know when he would return to work because he had been told his father "had six months to live." *Id*. at PageID 566.

During the ensuing months, Plaintiff exhausted his sick and annual leave as he cared for his father in Tennessee. Doc. No. 24 at PageID 616-17. On July 8, 2020, Plaintiff's supervisor sent him a letter stating that he had not contacted management since his absence from duty on May 29, 2020. *Id*. at PageID 775. Plaintiff's supervisor asked him to contact her within five days to explain his lack of attendance and provide documentation supporting his continued absence. *Id*. She also notified him that if he failed to take these steps, he "will receive corrective action, up to

and including ... removal from the Postal Service." *Id*.

On July 27, 2020, Plaintiff's supervisor sent him a "Notice of Proposed Letter of Warning in Lieu of 14 Day Time-Off Suspension." *Id*. at PageID 766-71 (cleaned up). On August 13, 2020, Plaintiff's supervisor informed him by letter that she had decided to suspend him without pay for 14 days. *Id*. at PageID 759-61.

On November 3, 2020, Plaintiff's supervisor sent him a "Notice of Proposed Removal" because he had failed to meet the attendance requirements of his position. *Id*. at PageID 794-97. Plaintiff did not respond to this Notice and, on December 1, 2020, the Postal Service terminated his employment effective January 1, 2021. *Id*. at PageID 787.

## II.

A motion for summary judgment is granted when the evidence presents no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The burden is on the moving party to show no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). This "typically amounts to 'little more than a formality.'" *Hall v. Navarre*, 118 F.4th 749, 756 (6th Cir. 2024) (quoting Edward Brunet, *et al*., Summary Judgment: Federal Law & Practice § 5:6 (Dec. 2023 Update)). "In practice, a movant need only assert the lack of any genuine disputes of material fact in the record." *Id*.

"If the moving party satisfies its burden, then the burden of going forward shifts to the nonmoving party to produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *see Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) ("[T]the non-moving party . . . must set forth specific

facts showing that there is a genuine issue for trial"). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "[T]here is no duty imposed upon the trial court to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992) (citations omitted). Instead, "the free-ranging search for supporting facts is a task for which attorneys in the case are equipped and for which courts generally are not." *Id.* at 406.

As noted above, *see supra* Part I, Plaintiff did not respond to the Postal Service's motion for summary judgment. This omission does not leave the Court free to automatically grant summary judgment in the Postal Service's favor, and it "is not necessarily fatal to a plaintiff's claims." *Local No. 499, Bd. of Tr. of Shopmen's Pension Plan v. Art Iron, Inc.*, 117 F.4th 923, 933 (6th Cir. 2024).

**III.**

Because Plaintiff's claims arise under Title VII and the Rehabilitation Act, the Court's analysis follows the long-standing framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *See Clay v. United Parcel Service, Inc.*, 501 F.3d 695, 703 (6th Cir. 2007). This framework proceeds in three stages: (1) Plaintiff must present a prima facie case in support of his discrimination claims; (2) in response, Defendant must articulate a legitimate, non-discriminatory reason for its employment decision; and (3) in response, Plaintiff "must show that the reason put forth by [D]efendant is pretextual[.]" *Id.* at 704; *see also Jones v. Potter*, 488 F.3d 397, 406 (6th Cir. 2007) (Once a defendant articulates a legitimate, non-discriminatory reason for its employment decision, "the remaining question is whether that reason was simply a pretext designed to mask discrimination").

5

The Postal Service contends that Plaintiff cannot make out a prima facie case of discrimination because he has not identified any non-protected employees who were similarly situated to him in all relevant respects and who were treated more favorably than him. Doc. No. 25 at PageID 858. Plaintiff alleges that he was treated less favorably than other Postal Service managers who were given light-duty work while he was not.

During Plaintiff's deposition—when asked to identify other managers outside his protected class who were treated differently than him—he identified J.L., T.Y., L.G., and T.B. Doc. No. 24 at PageID 631-34, 662-63, 678-79. Each of these individuals was a manager who was disciplined and moved to a different position within the Postal Service during their disciplinary investigation. *Id*. at PageID 631-34, 662-63, 678-79. Plaintiff testified that this shows there was light-duty work available even though he was not offered any light duty when he was sick in 2018 and 2019. *Id*. at PageID 647-48. However, in his complaint, Plaintiff does not raise a claim related to an alleged failure to offer him light duty. Doc. No. 2 at PageID 56-58. He instead challenges his 14-day suspension for (1) failing to report to work between May and August 2020 and (2) failing to correspond with his supervisor. *See id*; *see also* Doc. No. 24 at PageID 759-61. In the absence of Plaintiff's response to the Postal Service's motion for summary judgment, there is no genuine dispute over the fact that he did not request light duty between May and August 2020. Additionally, Plaintiff acknowledges that he does not know any manager, like him, who was absent from work for over three months. Doc. No. 24 at PageID 628. For these reasons, Plaintiff has not identified a manager who was similarly situated to him and has therefore failed to meet his burden of showing a prima facie case of discrimination or retaliation. *See Laster v. City of Kalamazoo*, 746 F.3d 714, 727 (6th Cir. 2014) ("Plaintiff … carries the burden of establishing a *prima facie* case").

6

Assuming, *arguendo*, that Plaintiff could show each element of his prima facie case, *see id*. (listing elements), he has not presented evidence upon which a jury could reasonably conclude the Postal Service's non-discriminatory and non-retaliatory reasons—his long-term absences and lack of communication with his supervisor—for its decisions to suspend him for 14 days and, later, terminate his employment, constituted a pretext for unlawful discrimination or retaliation. The record contains no evidence indicating that the reasons for his 14-day suspension and eventual termination lacked a basis in fact, did not actually motivate the Postal Service's actions in suspending and terminating his employment, or were insufficient to warrant those actions. Consequently, Plaintiff has not met his burden to show pretext. *Accord id*.

## IV.

For the above reasons, Defendant's motion for summary judgment is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in Defendant's favor. The case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

January 31, 2025                                    s/*Michael J. Newman*
                                                                Michael J. Newman
                                                                United States District Judge